UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADOLFO REYNALDO ROS MONTEJO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.:  26-CV-1685-GPC-JLB

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. For the reasons set forth below, the Court **GRANTS IN PART** the Petition and **ORDERS** that Respondents provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven (7) days.

## BACKGROUND

Petitioner is a citizen and national of Guatemala who entered the United States without inspection in 2002. ECF No. 1 ("Pet.") ¶ 25. He resided in the interior of the United States continuously under 2019 to care for his sick father. *Id*. ¶ 25. He returned to the United States in 2022 by crossing unlawfully and was not apprehended upon his arrival. *Id*.  On March 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers stopped his nephew's truck and detained Petitioner. *Id*. ¶ 26. He was only a passenger of

1

the vehicle. *Id*. Petitioner was subsequently transferred to the Otay Mesa Detention Center, where he remains detained. *Id*.

Petitioner alleges that his detention without a bond hearing violates his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA"). *Id*. ¶¶ 29-34. Specifically, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2). *Id*. ¶¶ 48-49.

Petitioner requests an order requiring his release, an order for a constitutionally adequate bond hearing in the alternative, or any other relief this Court deems proper. *Id*. at 8. Respondents have filed a notice of non-opposition as to a bond hearing for Petitioner. ECF No. 4. Thus, Respondents have "effectively concede[ed]" that Petitioner is detained under § 1226(a) rather than § 1225(b)(2) and has been unlawfully denied a bond hearing. *See Vardanyan v. Noem*, No. 5:26-CV-00423-MRA-RAO, 2026 WL 383341, at *2 (C.D. Cal. Feb. 11, 2026).

## DISCUSSION

Given Petitioner's allegations, a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct the unopposed violations outlined in the Petition. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2998361, at *6 (S.D. Cal. Oct. 24, 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

## CONCLUSION

Accordingly, the Court **ORDERS** as follows:

- Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of this Order;

- Respondents are **ORDERED** to **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;

- Respondents **SHALL NOT** transfer Petitioner from this district pending his bond hearing;

- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-CV-1685-GPC-JLB